JP:KLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

**15M1067**

UNITED STATES OF AMERICA

    -against-

JUSTIN CALDERON,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

REMOVAL TO THE EASTERN
DISTRICT OF VIRGINIA

Fed. R. Crim. P. 5

EASTERN DISTRICT OF NEW YORK, SS:

        THOMAS WILBERT, being duly sworn, deposes and says that he is a Special

Agent with the United States Department of Homeland Security, Homeland Security

Investigations ("HSI"), duly appointed according to law and acting as such.

        Upon information and belief, on October 15, 2014, an arrest warrant was issued

by the United States District Court for the Eastern District of Virginia, charging the defendant

JUSTIN CALDERON with conspiracy to distribute, possess with intent to distribute and import

an analogue of a controlled substance, in violation of 21 U.S.C. §§ 846 and 813.

        The source of your deponent's information and the grounds for his belief are as

follows:

        1.     On October 15, 2014, an arrest warrant was issued by the United States

District Court for the Eastern District of Virginia, charging JUSTIN CALDERON with

conspiracy to distribute, possess with intent to distribute and import an analogue of a controlled

substance, in violation of 21 U.S.C. §§ 846 and 813. A copy of the arrest warrant and superseding indictment from the Eastern District of Virginia are attached hereto.[1]

      2.      The defendant JUSTIN CALDERON was arrested on November 9, 2015 at JFK International Airport in Queens, New York by HSI agents as he attempted to board a flight out of the United States. CALDERON had a one-way ticket to Dubai, United Arab Emirates, via London, England. The defendant JUSTIN CALDERON was asked for identification and he provided his U.S. passport and New York State driver's license to the agents. His name, address and date of birth all matched the pedigree information provided by the Eastern District of Virginia. Furthermore, the agents showed the defendant a photograph of the individual sought in the arrest warrant and the defendant confirmed that it is a photograph of himself. The agents also confirmed that the defendant JUSTIN CALDERON is the same individual as depicted in the photograph.

---

[1]     The arrest warrant was issued in connection with an indictment filed on October 15, 2014 in the Eastern District of Virginia, Case No. 14-CR-053. A superseding indictment was subsequently filed on September 8, 2015 in the Eastern District of Virginia, Case No. 15-CR-018, and the original indictment was dismissed on October 9, 2015.

WHEREFORE, it is requested that the defendant JUSTIN CALDERON be

removed to the Eastern District of Virginia so that he may be dealt with according to law.

THOMAS WILBERT
Special Agent
Department of Homeland Security, Homeland
Security Investigations

Sworn to before me this
10th day of November, 2015

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

96248843
HSI

for the

Eastern District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jayson Mickle, Amanda Rowe, Sandra Cooke, Phillip Gibson, Jake Pham, David Jay Mickle, David Joseph Mickle, Margaret Amber Phillips, James Wainwright, Abigail Phillips, Christopher Ellis, Justin Calderon | ) ) ) ) ) | Case No.  4:14cr53 |
| _____ | ) | |
| Defendant | | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    JUSTIN CALDERON _____

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846 and 813 - Conspiracy to Distribute, Possess with Intent to Distribute and Import an Analogue of a Controlled Substance (Count 1, et al.)

Date:    10/_____    ~~INFORMATION~~

City and state:    Newport News, Virginia    ~~COPY ONLY~~

_____
*Issuing officer's signature*

Douglas E. Miller, U.S. Magistrate Judge
*Printed name and title*

## Return

This warrant was received on *(date)* _____ and the person was arrested on *(date)* _____
at *(city and state)* _____

Date:    _____

~~NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL.~~

_____
*Arresting officer's signature*

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| | | FILED<br>IN OPEN COURT |
| | | SEP - 8 2015 |
| | | CLERK, U.S. DISTRICT COURT<br>NEWPORT NEWS, VA |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | <u>UNDER SEAL</u> |
| | ) | |
| v. | ) | Criminal No. 4:15-cr-18 |
| | ) | |
| CHARLES BURTON RITCHIE, | ) | 21 U.S.C. §§ 846 & 813 |
| (Count 1) | ) | Conspiracy to Distribute and Possess with |
| | ) | Intent to Distribute Schedule I Controlled |
| BENJAMIN GALECKI, | ) | Substances and Controlled Substance |
| (Count 1) | ) | Analogues |
| | ) | (Count 1) |
| NADER ABDALLAH, | ) | |
| (Counts 1-3) | ) | 18 U.S.C. § 1001 |
| | ) | False Statements |
| SHARIF ABDALLAH, | ) | (Counts 2-3) |
| (Count 1) | ) | |
| | ) | 18 U.S.C. § 1956(h) |
| JAYSON MICKLE, | ) | Conspiracy to Launder Money |
| (Counts 1, 4-16, 22-29, 34-37) | ) | (Count 4) |
| | ) | |
| SANDRA COOKE, | ) | 18 U.S.C. § 371 |
| (Counts 1, 4-9, 11-13, 15, 17, 33) | ) | Conspiracy to Defraud the United States |
| | ) | (Count 5) |
| PHILLIP GIBSON, | ) | |
| (Counts 1, 5-9, 18) | ) | 21 U.S.C. §§ 331 & 333 |
| | ) | Misbranding |
| JAKE PHAM, | ) | (Counts 6) |
| (Counts 1, 5-6, 19) | ) | |
| | ) | 18 U.S.C. § 1341 |
| DAVID JAY MICKLE, | ) | Mail Fraud |
| (Counts 1, 5-6, 30-31) | ) | (Counts 7-9) |
| | ) | |
| MARGARET AMBER PHILLIPS COOPER,) | | 21 U.S.C. § 856 |
| (Counts 5-6, 10, 16, 20, 32) | ) | Maintaining a Drug-Involved Premises |
| | ) | (Count 10-15) |
| | ) | |

1

| | | |
|---|---|---|
| CHRISTOPHER ELLIS, | ) | 21 U.S.C. § 863 |
| (Counts 1, 21, 34, 36) | ) | Distribution of Drug Paraphernalia |
| | ) | (Counts 16) |
| JUSTIN CALDERON, | ) | |
| (Count 1) | ) | 21 U.S.C. § 843 |
| | ) | Use of a Communication Facility |
| Defendants. | ) | (Counts 17-21) |
| | ) | |
| | ) | 18 U.S.C. § 1957 |
| | ) | Money Laundering |
| | ) | (Counts 22-33) |
| | ) | |
| | ) | 21 U.S.C. §§ 952 & 960 |
| | ) | Importation of a Controlled Substance |
| | ) | (Counts 34-35) |
| | ) | |
| | ) | 18 U.S.C. § 545 |
| | ) | Smuggling Goods into the United States |
| | ) | (Counts 36-37) |
| | ) | |
| | ) | 18 U.S.C. §§ 545, 981(a)(1)(C), 982(a)(1), |
| | ) | 982(a)(2)(B); 21 U.S.C. § 853; 28 U.S.C. |
| | ) | § 2461 |
| | ) | Asset Forfeiture |

## SUPERSEDING INDICTMENT

September 2015 TERM – at Newport News, Virginia

At all times relevant to this Indictment:

1. CHARLES BURTON RITCHIE and BENJAMIN GALECKI were the owners and

operators of Zencense Incenseworks (a.k.a. "ZIW" or "Zencense"), a Florida-based

company, which manufactured schedule I controlled substances and schedule I controlled

substance analogues, analogues as defined in 21 U.S.C. § 802(32), with intent for human

consumption as stated in 21 U.S.C. § 813.  These substances are generally referred to as

"spice."

2

2. The term "spice", used generically, refers to any number of forms of smokeable synthetic cannabinoid products. "Spice" was a popular brand at the onset of these products' introduction to the drug marketplace. The products are designed and intended to have an effect similar to controlled substances.

3. Although CHARLES BURTON RITCHIE and BENJAMIN GALECKI purported to sell Zencense in or about October 2012, at which time the company became Zenbio, both defendants continued to participate in the operation of the business. In November 2012, CHARLES BURTON RITCHIE, BENJAMIN GALECKI, and others began moving the spice manufacturing operation from Florida to California.

4. JAYSON MICKLE is the son of DAVID JAY MICKLE and SANDRA COOKE. PHILLIP GIBSON, JAKE PHAM, and MARGARET AMBER PHILLIPS COOPER were employed by JAYSON MICKLE in various capacities at his businesses. Those businesses included Hampton Pipe and Tobacco, 7 City Gifts, and Blazin Herbs.

5. JAYSON MICKLE, DAVID JAY MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, and MARGARET AMBER PHILLIPS COOPER used storefront locations of Hampton Pipe and Tobacco, as well as an online wholesale operation called Blazin Herbs, to sell what is commonly called "spice," schedule I controlled substances and schedule I controlled substance analogues, analogues as defined in 21 U.S.C. § 802(32), with intent for human consumption as stated in 21 U.S.C. § 813.

6. In or about April 2013, Blazin Herbs was renamed 7 City Gifts.

7. SANDRA COOKE was the operations manager, responsible for daily business operations and finances of Hampton Pipe and Tobacco, as well as Blazin Herbs.

3

8. PHILLIP GIBSON and JAKE PHAM were responsible for marketing and selling Hampton Pipe and Tobacco and Balzin Herbs' spice products.

9. MARGARET AMBER PHILLIPS COOPER was initially a part-owner of Blazin Herbs, along with JAYSON MICKLE and DAVID JAY MICKLE. MARGARET AMBER PHILLIPS COOPER was also a general manager of Hampton Pipe and Tobacco until in or about the autumn of 2011.

10. CHRISTOPHER ELLIS also provided Hampton Pipe and Tobacco and Blazin Herbs with spice for resale between about early 2011 and about May 2012.

11. JUSTIN CALDERON also provided Hampton Pipe and Tobacco and Blazin Herbs with spice for resale between about November 2013 and about July 2014.

12. Hampton Pipe and Tobacco, along with Blazin Herbs, sold numerous blends of spice, including, but not limited to, various flavors of Hedgehog, HPT, Purp, Hampster, Easta Pink, Yella, Sonic Zero, Bizzaro, Orgazmo, Neutronium, and Avalanche.

13. The United States Food and Drug Administration ("FDA") is the agency of the United States responsible for, among other things, enforcing the provisions of the Federal Food Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*. In enforcing the provisions of the FDCA, the FDA's primary purpose is to protect the public health. The FDA's responsibilities include regulating the manufacturing, labeling, and distribution of drugs shipped or received in interstate commerce. The FDA's responsibilities include preventing drugs that are unapproved for marketing or sale, or which are improperly packaged and labeled, from reaching the marketplace.

14. The FDCA defines a "drug" as –

4

a.     articles recognized in the official United States Pharmacopoeia, official
Homeopathic Pharmacopoeia of the United States, or official National
Formulary, or any supplement to any of them;

b.     articles intended for use in the diagnosis, cure, mitigation, treatment, or
prevention of disease in man or other animals;

c.     articles (other than food) intended to affect the structure or any function of
the body of man or other animals; and

d.     articles intended for use as a component of any articles specified in clause
(a), (b), or (c). *See* 21 U.S.C. § 321(g)(1).

The FDCA defines the term "label" to include "a display of written, printed, or graphic

matter upon the immediate container of any article." *See* 21 U.S.C.  § 321(k).  The

FDCA defines the term "labeling" as "all labels and other written, printed, or graphic

matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such

article." *See* 21 U.S.C. § 321(m).

15. JAYSON MICKLE, DAVID JAY MICKLE, SANDRA COOKE, PHILLIP GIBSON,

JAKE PHAM, and MARGARET AMBER PHILLIPS COOPER ostensibly sold

Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella to

the public as ""Aromatic Potpourri" and "Herbal Incense"", but they contained synthetic

chemicals that mimic the effects of tetrahydrocannabinol (THC), the active ingredient in

marijuana. The Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta

Pink and Yella the defendants manufactured and distributed contained synthetic

cannabinoid compounds known as Synthetic Cannabinoids or "spice," including AM-

2201, UR-144, XLR-11 and JWH-210. The Blueberry Hedgehog, Cherry Hedgehog,

Purp, Hampster Purp, Easta Pink and Yella the defendants sold to the public also

5

contained solvents, such as Everclear (an alcohol) or acetone, as well as a variety of other additives.

16. The aforementioned spice compounds became classified as schedule I controlled substances or analogues thereof on the following dates:

| Substance | Date Scheduled | Date of Analogue Classification |
|-----------|----------------|---------------------------------|
| AM-2201 | July 9, 2012 | March 1, 2011 |
| UR-144 | May 16, 2013 | March 1, 2011 |
| XLR-11 | May 16, 2013 | March 1, 2011 |
| JWH-210 | March 1, 2011 | Not applicable |

17. JAYSON MICKLE, DAVID JAY MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, and MARGARET AMBER PHILLIPS COOPER intended Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella to be smokable products. Consequently, Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella were drugs under the FDCA, subject to the Act's regulation.

18. The FDA considers "street drug alternatives" like Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella to be misbranded drugs, in violation of the FDCA, and as such, has concluded that they pose a potential threat to the public health.

19. Beginning in or about April 2013, JAYSON MICKLE financed the development of the recipes and the manufacture for various blends of spice, including but not limited to Blueberry Hedgehog, Cherry Hedgehog, Purp, Easta Pink and Yella. Prior to that time, specifically between about January 2012 and about April 2013, JAYSON MICKLE was

6

purchasing most of the spice sold at his Hampton Pipe and Tobacco stores from Zencense and Zenbio. During the aforementioned time period, Zencense and Zenbio produced private blends of spice for JAYSON MICKLE and Hampton Pipe and Tobacco. Those private blends included various flavors of Hampster Purp, Hampster Vanilla, and HPT Cherry.

20. Red Barn was a gas station and convenience store located on Warwick Boulevard in Newport News, Virginia, which was owned, operated, and controlled by NADER ABDALLAH and SHARIF ABDALLAH.

21. NADER ABDALLAH and SHARIF ABDALLAH used the premises of the Red Barn to sell substances generally referred to as "spice," which are schedule I controlled substances and schedule I controlled substance analogues, analogues as defined in 21 U.S.C. § 802(32), with intent for human consumption as stated in 21 U.S.C. § 813.

22. The aforementioned spice compounds became classified as schedule I controlled substances or analogues thereof on the same dates as set out in paragraph 14 above.

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

The Grand Jury re-alleges and re-incorporates the introductory paragraphs above as if fully set forth herein.

From in or about January 2012 continuing to in or about April 2015, in the Eastern District of Virginia and elsewhere, CHARLES BURTON RITCHIE (in or about August 2012 to in or about April 2013 only), BENJAMIN GALECKI (in or about August 2012 to in or about April 2013 only), JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, CHRISTOPHER ELLIS, JUSTIN CALDERON, NADER ABDALLAH and SHARIF ABDALLAH did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree together with other persons, both known and unknown to the Grand Jury, to commit the following offenses against the United States:

1. To knowingly, intentionally and unlawfully distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of JWH-210, AM-2201, UR-144, and XLR-11, each a Schedule I controlled substance as defined in 21 U.S.C. § 802(6).

2. To knowingly, intentionally and unlawfully distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of JWH-210, AM-2201, UR-144, and XLR-11, Schedule I controlled substance analogues as defined in 21 U.S.C. § 802(32), with intent for human consumption as stated in 21 U.S.C. § 813.

## Object of the Conspiracy

The object of the conspiracy was for the co-conspirators to distribute the above named substances in the Hampton Roads area of the Eastern District of Virginia and elsewhere and profit by doing so.

## Ways, Manner, and Means of the Conspiracy

1. It was part of the conspiracy for JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, NADER ABDALLAH and SHARIF ABDALLAH to place and receive orders of spice, and cause orders of spice to be placed and received, with various spice sources of supply, including Zencense and Zenbio.

2. It was part of the conspiracy that JAYSON MICKLE, SANDRA COOKE, NADER ABDALLAH and SHARIF ABDALLAH would provide payment to Zencense and Zenbio, as well as other sources of supply, for the spice orders.

3. It was part of the conspiracy that Zencense and Zenbio, as well as other sources of supply, would ship spice to both Hampton Pipe and Tobacco and Red Barn, where the spice would be retailed. The spice would also be wholesaled through Blazin Herbs.

4. It was part of the conspiracy that JAYSON MICKLE requested that Zencense and Zenbio produce private blends of spice for Hampton Pipe and Tobacco and Blazin Herbs, which blends were to be sold exclusively at Hampton Pipe and Tobacco and Blazin Herbs.

## Overt Acts

1. On or about the following dates, Zencense/Zenbio sent invoices for spice to Hampton Pipe and Tobacco and Blazin Herbs in the Eastern District of Virginia:

   a. On or about August 9, 20, and 28, 2012;

9

b. On or about September 13 and 26, 2012;

c. On or about October 4, 8, 15, 16, 19, 22, and 30, 2012;

d. On or about November 5, 12, 16, 20, 26, and 28, 2012;

e. On or about December 4, 17, 18, 19, 20, and 28, 2012;

f. On or about January 4, 10, 11, 16, 17, 21, 23, 24, 25, and 30, 2013;

g. On or about February 4, 6, 12, 13, 19, 20, and 27, 2013;

h. On or about March 5, 7, 11, and 28, 2013;

i. On or about April 2, 4, and 11, 2013.

2. On or about the following dates, Zenbio sent NADER ABDALLAH invoices for spice to be shipped to Red Barn in the Eastern District of Virginia:

a. On or about December 26, 2012;

b. On or about January 7, 14, and 15, 2013.

3. On or about the following dates, NADER ABDALLAH remitted payment to Zenbio in the following amounts:

a. On or about December 11, 2012 ($7,400);

b. On or about December 27, 2012 ($7,600);

c. On or about December 31, 2012 ($7,450);

d. On or about January 7, 2013 ($6,800);

e. On or about January 16, 2013 ($1,400);

f. On or about January 29, 2013 ($7,600);

g. On or about February 12, 2013 ($7,120);

h. On or about February 25, 2013 ($9,000);

i. On or about March 4, 2013 ($8,550);

    j.  On or about March 7, 2013 ($7,000);.and

    k.  On or about March 12, 2013 ($8,900).

(In violation·of Title 21, United States Code, Section 846.)

## COUNT TWO

On or about January 14, 2015, the defendant, NADER ABDALLAH, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating in a CAFRA Seized Asset Claim Form submitted to a Fines, Penalties and Forfeiture Officer of U.S. Customs and Border Protection in the Eastern District of Virginia that he does not believe in maintaining a bank account and whenever possible keeps his money in cash, gold, and other tangible forms that do not accrue interest, which statement was false because as he then and there well knew and believed he maintained and had maintained twelve bank accounts at six different banks.

(In violation of Title 18, United States Code, Section 1001(a)(3).)

## COUNT THREE

On or about January 14, 2015, the defendant, NADER ABDALLAH, did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating in a CAFRA Seized Asset Claim Form submitted to a Fines, Penalties and Forfeiture Officer of U.S. Customs and Border Protection in the Eastern District of Virginia that he maintains his earnings in cash and that he does not believe in maintaining a bank account and whenever possible keeps his money in cash, gold, and other tangible forms that do not accrue interest, which statement was false because as he then and there well knew and believed he maintained and had maintained twelve bank accounts at six different banks.

(In violation of Title 18, United States Code, Section 1001(a)(3).)

## COUNT FOUR

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

From in or about January 2012 continuing to in or about April 2013, in the Eastern District of Virginia and elsewhere, the defendants JAYSON MICKLE and SANDRA COOKE did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is conspiracy to distribute and possess with intent to distribute schedule I controlled substances and schedule I controlled substance analogues as set forth in Count One of this Indictment, with the intent to promote the carrying on of specified unlawful activity, that is use of a communication facility and interstate travel in aid of racketeering, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

### Object of the Conspiracy

The object of the conspiracy was for the co-conspirators to transmit the proceeds of their conspiracy to distribute schedule I controlled substances and schedule I controlled substance analogues in the Hampton Roads area of the Eastern District of Virginia and elsewhere to Zencense/Zenbio, which used those proceeds to send schedule I controlled substances and schedule I controlled substance analogues to the co-conspirators through various parcel delivery services.

14

## Ways, Manner, and Means of the Conspiracy

1. It was part of the conspiracy for JAYSON MICKLE and SANDRA COOKE to sell schedule I controlled substances and schedule I controlled substance analogues in the Eastern District of Virginia, which the aforementioned defendants obtained from Zencense/Zenbio.

2. It was part of the conspiracy for JAYSON MICKLE and SANDRA COOKE to use the proceeds obtained from the sale of the schedule I controlled substances and schedule I controlled substance analogues to transmit payment to Zencense/Zenbio.

3. It was part of the conspiracy for Zencense/Zenbio to ship the schedule I controlled substances and schedule I controlled substance analogues from Florida to Hampton Pipe and Tobacco and Blazin Herbs in the Eastern District of Virginia using a parcel service.

## Overt Acts

1. On or about the following dates, a parcel service delivered parcels containing schedule I controlled substances and schedule I controlled substance analogues from Zencense/Zenbio to Hampton Pipe and Tobacco and Blazin Herbs:

    a. On or about July 31, 2012;

    b. On or about August 1, 13, 21, 22, 28, 29, and 30, 2012;

    c. On or about September 14, 17, and 20, 2012;

    d. On or about October 23 and 31, 2012;

    e. On or about November 8, 2012;

    f. On or about December 19, 2012.

(In violation of Title 18, United States Code, Section 1956(h).)

## COUNT FIVE

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

Beginning in or about January 2010, and continuing through April 2014, the exact dates being unknown to the Grand Jury, the defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, along with others both known and unknown to the Grand Jury, engaged in a conspiracy and scheme to defraud the Food and Drug Administration and the public by manufacturing and distributing what they claimed were ""Aromatic Potpourri" and "Herbal Incense"", when, in truth and in fact, the defendants manufactured and distributed Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella, misbranded drugs that often contained AM-2201, UR-144, XLR-11 and JWH-210, synthetic chemicals that mimic the effects of marijuana.

Beginning in or about January 2010, and continuing through April 2014, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia, the defendants knowingly and willfully combined, conspired, confederated, and agreed with each other and with other persons, both known and unknown to the Grand Jury:

      (a)    to commit offenses against the United States, that is:

          (1)    with the intent to defraud and mislead, introducing a misbranded drug into interstate commerce, in violation of Title 21, United States Code, Sections 331(a), with reference to 333(a)(2);

          (2)    with the intent to defraud and mislead, doing an act to a drug while it was held for sale after shipment in interstate commerce that resulted in the drug being misbranded, in violation of Title 21, United States Code, Section 331(k), with reference to Section 333(a)(2);

(3)    using the mails in executing a scheme to defraud, in violation of Title 18, United States Code, Section 1341;

(4)    smuggling into the United States, contrary to law, misbranded drugs, in violation of Title 18, United States Code, Section 545; and

(b)    to defraud the United States and departments and agencies thereof, namely, the Food and Drug Administration, by impairing, impeding, and obstructing by craft, trickery, deceit, and dishonest means, the FDA's lawful and legitimate function of protecting the health and safety of the American public by enforcing the  Food, Drug, and Cosmetic Act, one purpose of which is to ensure that drugs sold for human use are safe and effective and bear labeling that contains true and  accurate information.

### The Food, Drug, and Cosmetic Act

Under the FDCA, a drug is deemed to be misbranded if, among other things:

a.    its labeling is false or misleading in any particular, including material omissions. *See* 21 U.S.C. §§ 352(a), 321(n).

b.    unless, in package form, it bears a label containing: (1) the name and place of business of the manufacturer, packer, or distributor, and (2) an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count. *See* 21 U.S.C. § 352(b).

c.    its labeling does not bear adequate directions for use. *See* 21 U.S.C. § 352(f)(1).  Unless subject to an exemption not applicable here, a drug must bear adequate directions for use under which a layperson can administer the drug safely for the purposes for which it is intended. *See* 21 C.F.R. § 201.5.

d.    its labeling does not bear such adequate warnings against use in those pathological conditions and by children where its use may be dangerous to health, and against unsafe dosage and methods and duration of administration and application, in such manner and form, as are necessary for the protection of users. *See* 21 U.S.C. § 352(f)(2).

17

## Object of the Conspiracy

The objects of the conspiracy were the financial gain of the defendants and to defeat the FDA's lawful and legitimate function of protecting the health and safety of the American public.

## Ways, Manner, and Means of the Conspiracy

Defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, and others used the following manner and means in furtherance of the conspiracy and scheme. In so doing, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, and others, at times, used and perverted otherwise lawful conduct to further the conspiracy and scheme.

During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, and others had various roles, duties, and responsibilities to make the conspiracy and scheme successful.

During the course and in furtherance of the conspiracy and scheme, defendants and others manufactured Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella in a manner designed to disguise the presence of chemicals and to avoid law enforcement detection. The Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella manufacturing process included several steps, such as: blending together a mixture of dried herbs, mixing the JWH Compound (a powder) with a solvent (either Everclear or acetone), pouring the mixture over the blended herbs, adding flavorings, adding colorings, mixing the ingredients together, drying the manufactured product, then packaging the product.

18

Defendants JAYSON MICKLE, and others created names for the synthetic marijuana products. During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, and others utilized at least the following businesses to market, sell, and distribute drugs for human consumption, including Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella, and other misbranded drugs: Hampton Pipe and Tobacco, 7 City Gifts and Blazin Herbs.

During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, and others created an integrated distribution system using multiple websites for the purpose of marketing, selling, and distributing drugs for human consumption, including Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella, and other misbranded drugs. Defendants JAYSON MICKLE, PHILLIP GIBSON, JAKE PHAM and others marketed, sold, and distributed to wholesalers and retailers inside the United States, taking orders by telephone, and e-mail.

During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, and others conducted business through e-mails, using the following e-mail addresses:

> hptcustomerservice@gmail.com
>
> jayson@hamptonpipeandtobacco.com
>
> jaysonmickle@gmail.com

During the course and in furtherance of the conspiracy and scheme, the defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, and others mailed Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella, along with

19

pricing information to internet based customers and retail businesses and through Hampton Pipe and Tobacco, Blazin' Herbs and 7 City Gifts, the products were marketed for sale.

During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, and others falsely referred to the Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella products as aromatic incense, and falsely labeled them as "Not for Human Consumption" to defraud and mislead government authorities regarding the products' status as drugs, with the purpose of avoiding regulations over the drugs and enabling the defendants to continue selling the drugs in exchange for money.  Because synthetic cannabinoids have no odor, these compounds would be a useless ingredient in aromatic incense.

During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, and others made false and misleading statements about Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella products being legal.

During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, MARGARET AMBER PHILLIPS COOPER, and others used the mails and commercial interstate carriers, such as FEDEX, to promote, market, sell, and distribute, drugs for human consumption, including Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella, and other misbranded drugs.

20

During the course and in furtherance of the conspiracy and scheme, defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, MARGARET AMBER PHILLIPS COOPER, and others grossed at least and approximately $22,000,000.00 through the sale of drugs for human consumption, including Blueberry Hedgehog, Cherry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella, and other misbranded drugs.

### Overt Acts

In furtherance of the conspiracy and scheme and artifice to defraud, and to accomplish their purposes and objectives, one or more co-conspirators committed in the Eastern District of Virginia and elsewhere the following overt acts, among others:

This Count incorporates by reference the overt acts set out in Counts One and Two, as well as Four through Thirty of this indictment as overt acts in furtherance of the conspiracy charged in this count.

(In violation of Title 18, United States Code, Section 371 and 2.)

Case 4:15-cr-00018-RAJ-LRL Document 1-7 Filed 11/10/15 Page 26 of 54 PageID #: 26

## COUNT SIX

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

Beginning in or about January 2010, and continuing through at least in or about April 2014, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and elsewhere, the defendants, JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, and MARGARET AMBER PHILLIPS COOPER with the intent to defraud and mislead the FDA and the public, introduced and delivered for introduction into interstate commerce, and caused to be introduced and delivered for introduction into interstate commerce, drugs, namely Green Cobra, Yella, Super Kush, Purp, Hampster Purp, Bizarro, Blue, Vile Sonic Zero, Orgazmo, Game Master, Easta Pink, and Dr. Feelgood, which were misbranded in at least one of the following respects:

> (1)     the labeling for said drugs was false and misleading, in at least one particular, including, but not limited to, the following:
>
>> (a)     the said drugs were falsely labeled in a manner indicating that they were not for human consumption, when in fact such drugs were intended for human consumption;
>>
>> (b)     the said drugs were sold as incense and under other false and misleading names, when in fact the products were intended for use as drugs for human consumption;
>>
>> (c)     the said drugs failed to identify accurately the package's contents and intended use; 21 U.S.C. §§ 352(a), 321(n);
>
> (2)     the labeling for said drugs failed to include the name and address of the manufacturer and a list of the names and quantities of each active ingredient, 21 U.S.C. § 352(e)(1)(A)(ii);

(3)     the labeling for said drugs lacked adequate directions for use, 21 U.S.C. § 352(f)(1); and

(4)     the labeling for said drugs lacked adequate warnings against use by children where its use may be dangerous to health, or against unsafe dosage and methods, and duration of administration, in such manner and form, as was necessary for the protection of the users of the drug, 21 U.S.C. § 352(f)(2);

(In violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Section 331(a), with reference to Section 333(a)(2).)

23

## COUNTS SEVEN – NINE

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

Beginning in or about January 2010, and continuing through at least in or about April 2014, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and elsewhere, the defendants JAYSON MICKLE, SANDRA COOKE, PHILLIP GIBSON, JAKE PHAM, DAVID JAY MICKLE, and MARGARET AMBER PHILLIPS COOPER knowingly and intentionally devised and executed a scheme to defraud the Food and Drug Administration and the public by marketing and distributing misbranded drugs, and drugs they represented to be "herbal incense" and "aromatic potpourri" when, in truth and in fact, the Blueberry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella they manufactured and distributed contained a synthetic cannabinoid.

On or about at least the following dates, in the Eastern District of Virginia and elsewhere, for the purpose of executing the scheme to defraud the FDA and the public, and attempting to do so, JAYSON MICKLE, SANDRA COOKE and PHILLIP GIBSON knowingly caused shipments of Blueberry Hedgehog, Purp, Hampster Purp, Easta Pink and Yella, misbranded drugs, and shipments of Synthetic Cannabinoids, to be delivered by United States mail, according to the directions thereon, including the following shipments:

| Count | On or About Date | Items Shipped/Delivered | Carrier |
|-------|------------------|-------------------------|---------|
| 7 | May 8, 2012 | Yella, Easta Pink, Headtrip and Purp shipped from Hampton, Virginia to Port Arthur, Texas | US Mail |
| 8 | January 7, 2013 | Sonic Zero Blueberry shipped from Hampton, Virginia to Morgantown, West Virginia | US Mail |

24

| Count | On or About Date | Items Shipped/Delivered | Carrier |
|-------|------------------|-------------------------|---------|
| 9 | September 12, 2013 | Blueberry and Cherry Hedgehog shipped from Newport News, Virginia to Chesapeake, Virginia | US Mail |

(In violation of Title 18, United States Code, Sections 2 and 1341.)

## COUNTS TEN - FIFTEEN

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about or between March 2011and May 2013, within the Eastern District of Virginia, JAYSON MICKLE, SANDRA COOKE, and MARGARET AMBER PHILLIPS COOPER, the defendants herein, did knowingly and intentionally manage and control the following buildings and locations as owner, renter and mortgagor, for the purpose of unlawfully storing, and distributing, analogues for human consumption, Schedule I narcotic controlled substances:

| COUNTS | ADDRESS | DEFENDANTS |
|---|---|---|
| Count 10 | 85 West Mercury Boulevard, Hampton, Virginia | JAYSON MICKLE, MARGARET AMBER PHILLIPS COOPER |
| Count 11 | 86 West Mercury Boulevard, Hampton, Virginia | JAYSON MICKLE, SANDRA COOKE |
| Count 12 | 15435B Warwick Boulevard, Newport News, Virginia | JAYSON MICKLE SANDRA COOKE |
| Count 13 | 4746 George Washington Highway, Hayes, Virginia | JAYSON MICKLE SANDRA COOKE |
| Count 14 | 915 G. Street, Hampton, Virginia | JAYSON MICKLE |
| Count 15 | 9286B Warwick Boulevard, Newport News, Virginia | JAYSON MICKLE SANDRA COOKE |

(In violation of Title 21, United States Code, Section 856 (a)(2), and Title 18, United States Code, Section 2.)

## COUNT SIXTEEN

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

From on or about March 2011, and continuously thereafter up to and including in or about May 2013, in the Eastern District of Virginia and elsewhere, the defendants JAYSON MICKLE and MARGARET AMBER PHILLIPS COOPER did unlawfully, knowingly and intentionally distribute drug paraphernalia. The term "drug paraphernalia", as defined in 21 U.S.C. Section 863, to wit: any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under Title 21, United States Code.

(In violation of Title 21, United States Code, Sections 863).

## COUNT SEVENTEEN

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about October 31, 2012, in the Eastern District of Virginia and elsewhere, the defendant, SANDRA COOKE, did unlawfully, knowingly and intentionally use a communication facility, to wit: e-mail, in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribution of schedule I controlled substance analogues.

(All in violation of Title 21, United States Code, Section 843(b).)

## COUNT EIGHTEEN

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about April 13, 2011, in the Eastern District of Virginia and elsewhere, the defendant, PHILLIP GIBSON, did unlawfully, knowingly and intentionally use a communication facility, to wit: e-mail, in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribution of schedule I controlled substance analogues.

(All in violation of Title 21, United States Code, Section 843(b).)

## COUNT NINETEEN

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about January 9, 2013, in the Eastern District of Virginia and elsewhere, the defendant, JAKE PHAM, did unlawfully, knowingly and intentionally use a communication facility, to wit: e-mail, in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribution of schedule I controlled substance analogues.

(All in violation of Title 21, United States Code, Section 843(b).)

## COUNT TWENTY

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about April 5, 2011, in the Eastern District of Virginia and elsewhere, the defendant, MARGARET AMBER PHILLIPS COOPER, did unlawfully, knowingly and intentionally use a communication facility, to wit: e-mail, in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribution of schedule I controlled substance analogues.

(All in violation of Title 21, United States Code, Section 843(b).)

## COUNT TWENTY-ONE

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about April 26, 2012, in the Eastern District of Virginia and elsewhere, the defendant CHRISTOPHER ELLIS, did unlawfully, knowingly and intentionally use a communication facility, to wit: e-mails, in facilitating the commission of a crime, to wit: conspiracy to possess with intent to distribute and distribution of schedule I controlled substance analogues.

(All in violation of Title 21, United States Code, Section 843(b).)

## COUNTS TWENTY-TWO – TWENTY-NINE

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about the following dates, in the Eastern District of Virginia, JAYSON MICKLE, the defendant herein, did knowingly, willfully, and unlawfully engage, attempt to engage, and cause others to be engaged, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, deposit, and transfer of funds from and to the financial institutions identified below, such property having been derived from specified unlawful activity, that is the felonious sale and distribution of controlled substance analogues:

| Count | On or About Date | Monetary Transaction | Amount |
|-------|------------------|---------------------|--------|
| 22 | February 1st, 2012 | Check No. 1019 from Jayson Mickle Bank of America account ending in 3978 payable to Bowditch Ford, Inc. | $34,094.12 |
| 23 | August 7th, 2012 | Withdrawal from Jayson Mickle Bank of America account ending in 3978 to purchase cashier's check #4938649 payable to Gem Title for 1554 North King Street, Hampton, Virginia | $41,306.48 |
| 24 | August 9th, 2012 | Withdrawal from Jayson Mickle Bank of America account ending in 3978 to purchase cashier's check #4938672 payable to Gem Title for 5907 Potomac Ave., Newport News, Virginia | $35,689.36 |
| 25 | August 24th, 2012 | Withdrawal from Jayson Mickle Bank of America account ending in 3978 to purchase cashier's check #4938746 payable to Gem Title for 127 Roland Drive, Hampton, Virginia | $39,954.06 |
| 26 | September 18th, 2012 | Withdrawal from Jayson Mickle Bank of America account ending in 3978 to purchase cashier's check #4938714 payable to Gem Title for 25 Hard Wood Drive, Hampton, | $87,897.13 |

33

| | | Virginia | |
|----|----------------------|------------------------------------------------------------------------------------------------------------------------------------------------|-------------|
| 27 | November 27th, 2012 | Withdrawal from Jayson Mickle Bank of America account ending in 3978 to purchase cashier's check #4938909 payable to Gem Title for 1007 80th Street, Newport News, Virginia | $46,020.68 |
| 28 | March 18th, 2013 | Wire transfer from Jayson Mickle Bank of America account ending in 3978 to American Escrow & Title for 3302 Chestnut Ave., Newport News, Virginia | $ 68,754.28 |
| 29 | April 23rd, 2013 | Withdrawal from Jayson Mickle Bank of America account ending in 3978 to purchase cashier's check #4887429 payable to Gem Title for 5001 Krick Street, Norfolk, Virginia | $ 50,000.00 |

(All in violation of Title 18, United States Code, Sections 1957 and 2.)

## COUNTS THIRTY – THIRTY-ONE

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about the following dates, in the Eastern District of Virginia, DAVID JAY MICKLE, the defendant herein, did knowingly, willfully, and unlawfully engage, attempt to engage, and cause others to be engaged, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, deposit, and transfer of funds from and to the financial institutions identified below, such property having been derived from specified unlawful activity, that is the felonious sale and distribution of controlled substance analogues:

| Count | On or About Date | Monetary Transaction | Amount |
|-------|------------------|----------------------|--------|
| 30 | November 20th, 2012 | Check No. 10333 from Hampton Pipe and Tobacco Bank of America account ending in 0355 payable to David Mickle, endorsed over to Gem Title, and deposited into Union First Market Bank | $50,000.00 |
| 31 | September 14th, 2011 | Withdrawal from David J Mickle Langley Federal Credit Union account ending in 3677S1.1 to purchase cashier's check #859080 payable to Lynhaven Marine for the purchase of 2007 Rinker "Stargate" | $129,848.00 |

(All in violation of Title 18, United States Code, Sections 1957 and 2.)

35

## COUNT THIRTY-TWO

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about the following dates, in the Eastern District of Virginia, MARGARET AMBER PHILLIPS COOPER, the defendant herein, did knowingly, willfully, and unlawfully engage, attempt to engage, and cause others to be engaged, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, deposit, and transfer of funds from and to the financial institutions identified below, such property having been derived from specified unlawful activity, that is the felonious sale and distribution of controlled substance analogues:

| Count | On or About Date | Monetary Transaction | Amount |
|-------|------------------|---------------------|--------|
| 32 | December 7th, 2012 | Check No. 5132 from Blazin Herbs Bank of America account ending in 0368 payable to Margaret A. Phillips and deposited into Langley Federal Credit Union account 343869 | $ 50,000.00 |

(All in violation of Title 18, United States Code, Sections 1957 and 2.)

## COUNT THIRTY-THREE

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about the following dates, in the Eastern District of Virginia, SANDRA COOKE, the defendant herein, did knowingly, willfully, and unlawfully engage, attempt to engage, and cause others to be engaged, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, deposit, and transfer of funds from and to the financial institutions identified below, such property having been derived from specified unlawful activity, that is the felonious sale and distribution of controlled substance analogues:

| Count | On or About Date | Monetary Transaction | Amount |
|-------|------------------|----------------------|--------|
| 33 | September 8th, 2011 | Check No. 1040 from Blazin Herbs Bank of America account ending in 0368 payable to Edibles, LLC | $20,000.00 |

(All in violation of Title 18, United States Code, Sections 1957 and 2.)

37

## COUNT THIRTY-FOUR

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about April 17, 2012, in Newport News, Virginia, within the Eastern District of Virginia and elsewhere, the defendants, JAYSON MICKLE and CHRISTOPHER ELLIS, did unlawfully, knowingly and intentionally import into the United States from a place outside thereof, to wit: China, a mixture and substance containing XLR-11, a Schedule I controlled substance analogue.

(In violation of Title 21, United States Code, Sections 952, 960, and 813).

## COUNT THIRTY-FIVE

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about March 5, 2013, in Newport News, Virginia, within the Eastern District of Virginia and elsewhere, the defendant, JAYSON MICKLE, did unlawfully, knowingly and intentionally import into the United States from a place outside thereof, to wit: China, a mixture and substance containing UR-144 and XLR-11,  Schedule I controlled substance analogues.

(In violation of Title 21, United States Code, Sections 952, 960, and 813).

## COUNT THIRTY-SIX

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about April 17, 2012, in Newport News, Virginia, within the Eastern District of Virginia and elsewhere, the defendants, JAYSON MICKLE and CHRISTOPHER ELLIS, did willfully and knowingly and with intent to defraud the United States, did smuggle and clandestinely introduce into the United States merchandise which should have been invoiced, that is: a mixture and substance containing XLR-11, a Schedule I controlled substance analogue, of an approximate value of $1300.00.

(In violation of Title 18, United States Code, Sections 545 and 2).

40

## COUNT THIRTY-SEVEN

The Grand Jury re-alleges and re-incorporates the introductory paragraphs preceding Count One above as if fully set forth herein.

On or about March 5, 2013, in Newport News, Virginia, within the Eastern District of Virginia and elsewhere, the defendant, JAYSON MICKLE, did willfully and knowingly and with intent to defraud the United States, did smuggle and clandestinely introduce into the United States merchandise which should have been invoiced, that is: a mixture and substance containing UR-144 and XLR-11, Schedule I controlled substance analogues, of an approximate value of $2000.00.

(In violation of Title 18, United States Code, Sections 545 and 2).

41

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER ALLEGES THAT:

A. The defendants, if convicted of any of the violations alleged in Counts 1, 10-21, and 34-35 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    1.  Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and

    2.  Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

B. The defendants, if convicted of any of any of the violations alleged in Counts 4 and 22-33 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, involved in the offense, or any property traceable to such property.

C. The defendants, if convicted of any of any of the violations alleged in Counts 5 and 7-9 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

D. The defendants, if convicted of any of the violations alleged in Counts 36-37 of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    1.  Any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the violation; and

    2. Any merchandise introduced into the United States in violation of 18 U.S.C. § 545, or the value thereof.

E. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

F. The property subject to forfeiture includes, but is not limited to, the following property:

1. A monetary judgment in the amount of at least $5,023,581, representing the proceeds of Count One.

2. A monetary judgment in the amount of at least $22,224,983, representing the proceeds of Count Five.

3. 2011 Ford Explorer registered to Jayson Mickle with VIN # 1FMHK8D82BGA21112.

4. Real property and improvements located at 1554 North King Street, Hampton, Virginia, titled in the name of Jayson E. Mickle.

5. Real property and improvements located at 5907 Potomac Avenue, Newport News, Virginia, titled in the name of Jayson Mickle.

6. Real property and improvements located at 127 Roland Drive, Hampton, Virginia, titled in the name of Jayson Mickle.

7. Real property and improvements located at 25 Hard Wood Drive, Hampton, Virginia, titled in the name of Jayson Mickle.

8. Real property and improvements located at 1007 80th Street, Newport News, Virginia, titled in the name of Jayson Mickle.

9. Real property and improvements located at 3302 Chestnut Avenue, Newport News, Virginia, titled in the name of Jayson Mickle.

10. Real property and improvements located at 5001 Krick Street, Norfolk, Virginia, titled in the name of Jayson Mickle.

11. 2004 36' Hunter "Slow Dance" with official number 1150109 in the name of Jayson Mickle.

12. Real property and improvements located at 131 Claremont Avenue, Hampton, Virginia, titled in the name of Jayson Mickle.

13. Real property and improvements located at 83 West Mercury Boulevard, Hampton, Virginia, titled in the names of Jayson Mickle and David Mickle.

14. Real property and improvements located at 85 West Mercury Boulevard, Hampton, Virginia, titled in the names of Jayson Mickle and David Mickle.

15. Real property and improvements located at 108 Twin Oaks Drive, Hampton, Virginia, titled in the name of Hampton Pipe & Tobacco LLC (Jayson Mickle).

16. Real property and improvements located at 229 Pear Avenue, Newport News, Virginia, titled in the name of Mickle Properties LLC (Jayson Mickle).

17. Real property and improvements located at 41 Gumwood Drive, Hampton, Virginia, titled in the name of Mickle Properties LLC (Jayson Mickle).

18. Real property and improvements located at 12 Watts Drive, Hampton, Virginia, titled in the name of Mickle Properties LLC (Jayson Mickle).

19. Real property and improvements located at 382 Schley Avenue, Hampton Virginia, titled in the name of Mickle Properties LLC (Jayson Mickle).

20. Real property and improvements located at 7 Pine Lane, Hampton, Virginia, titled in the name of Mickle Properties LLC (Jayson Mickle).

21. Real property and improvements located at 69 Chowning Drive, Hampton, Virginia, titled in the name of Jayson Mickle (Jayson Mickle).

22. Real property and improvements located at 647 Grimes Road, Hampton, Virginia, titled in the name of Mickle Properties LT LLC (Jayson Mickle).

23. Real property and improvements located at 1904 Long Green Lane, Hampton, Virginia, titled in the name of Mickle Properties LT LLC (Jayson Mickle).

24. Real property and improvements located at 1128 Elizabeth Court, Newport News, Virginia, titled in the name of Mickle Properties LLC (Jayson Mickle).

25. Real property and improvements located at 434 Rogers Avenue, Hampton, Virginia, titled in the name of Mickle Properties LT LLC (Jayson Mickle).

26. Real property and improvements located at 1111 Easterly Avenue, Hampton, Virginia, titled in the name of Mickle Properties LT LLC (Jayson Mickle).

27. Real property and improvements located at 1285 Old Buckroe Road, Hampton, Virginia, titled in the name of Mickle Properties LLC (Jayson Mickle).

28. Real property and improvements located at 3003 Marshall Avenue, Newport News, Virginia, titled in the name of Marshall Avenue LLC (Jayson Mickle).

29. Real property and improvements located at 106 Mulberry Avenue, Newport News, Virginia, titled in the name of Jayson Mickle.

30. Real property and improvements located at 915 G Street, Hampton, Virginia, titled in the name of G Street LLC (Jayson Mickle).

31. Real property and improvements located at 528 Bellwood Road, Newport News, Virginia, titled in the name of Jayson E. Mickle.

32. Real property and improvements located at 1 West Queens Way, Hampton, Virginia, titled in the name of 1 West Queens Way LLC (Jayson Mickle).

33. 2011 Ford Mustang registered to Hampton Pipe and Tobacco LLC with VIN # 1ZVBP8CF7B5144893 (Jayson Mickle).

34. 2001 Ford Motor Home registered to Mickle Properties LLC with VIN # 1FDXE45SXYHB98029 (Jayson Mickle).

35. 2006 Suzuki LT450R registered to Jayson Mickle with VIN # JSAAL41A862101269.

36. 2008 Yamaha Raptor 7 registered to Jayson Mickle with VIN # JY4AM14Y08C005058.

37. 2015 Thor RV registered to Jayson Mickle with VIN # 1F66F5DY7E0A06832.

38. LPL Financial IRA account 5686-5886 in the name of Jayson Mickle.

39. BB&T account # 0000157491040 in the name of Mickle Properties LLC (Jayson Mickle).

40. BB&T account # 0000250099347 in the name of Edibles LLC (Jayson Mickle).

41. BB&T account # 0000250099177 in the name of Edibles LLC (Jayson Mickle).

42. Bank of America account # 4350-2928-7055 in the name of 7CitiesGifts LLC (Jayson Mickle).

43. Bank of America account # 4350-2085-0355 in the name of Hampton Pipe & Tobacco (Jayson Mickle).

44. Bank of America account # 4350-2586-3978 in the name of Jayson E. Mickle.

45. Bank of America account # 4350-2928-7149 in the name of Mickle Management LLC (Jayson Mickle).

46. Bank of America account # 4350-2928-4305 in the name of Mickle Management LLC (Jayson Mickle).

47. Bank of America account # 4350-2928-7136 in the name of Gift Card Gals LLC (Jayson Mickle).

48. BB&T account # 0005532739790 in the name of Jayson Mickle.

49. BB&T account #0000157490230 in the name of Jayson Mickle.

50. Note receivable of Mickle Properties LT LLC regarding 1816 Somerville Drive, Hampton, Virginia (Jayson Mickle).

51. One lot of coins seized from an address on Chowning Drive on October 16, 2014 (Jayson Mickle).

52. $103,049.63 in United States currency seized from Jayson Mickle IRA account #5686-5886 at LPL Financial.

53. Bank of America cashier's check #94957776222 in the amount of $5,000 seized on December 11, 2014 (Jayson Mickle).

54. One lot of checks seized from an address on County Road in Lady Lake, Florida on July 8, 2015 (Jayson Mickle).

55. One Taurus .357 revolver with serial #1C118471 (Jayson Mickle).

46

56. All ammunition seized from an address on Chowning Drive on October 16, 2014 (Jayson Mickle).

57. Real property and improvements located at 1816 Somerville Drive, Hampton, Virginia, titled in the name of David Jay Mickle.

58. 2007 Rinker "Stargate" with official number 1206087 in the name of David J. Mickle and Marcia J. Mickle.

59. 2003 Chevrolet Corvette registered to David Jay Mickle and Marcia Jane Mickle with VIN # 1G1YY32G535104751.

60. Langley Federal Credit Union account # 143677S1.1 in the name of David J. Mickle and Marcia J. Mickle.

61. Langley Federal Credit Union account # 143677S11.1 in the name of David J. Mickle and Marcia J. Mickle.

62. 1989 Silverton "Fiddler's Green" with official number 956344 in the name of David J. Mickle and Marcia J. Mickle.

63. LPL Financial retirement account # 2241-1728 in the name of David Jay Mickle.

64. Real property and improvements located at 2935 Guinea Circle, Hayes, Virginia, titled in the name of David Mickle and Marcia Mickle.

65. Real property and improvements located at 8149 U.S. Route 9, Lewis, New York, titled in the name of David J. Mickle.

66. Langley Federal Credit Union account # 139345S1 in the name of Sandra A. Cooke and Rodney L. Cooke.

67. Langley Federal Credit Union account # 139345S11 in the name of Sandra A. Cooke and Rodney L. Cooke.

68. $701,450 in United States Currency seized on September 23, 2014 from a safe deposit box at SunTrust Bank on Warwick Boulevard in Newport News, Virginia (Nader Abdallah).

69. $109,308 in United States Currency seized on September 18, 2014 from the Red Barn Convenience Store on Warwick Avenue in Newport News, Virginia (Nader and Sharif Abdallah).

70. Hi-Standard Derringer firearm seized on September 18, 2014 from the Red Barn Convenience Store on Warwick Boulevard in Newport News, Virginia (Nader and Sharif Abdallah).

71. One lot of coins and jewelry seized on September 18, 2014 from the Red Barn Convenience Store on Warwick Boulevard in Newport News, Virginia (Nader and Sharif Abdallah).

72. One lot of coins and jewelry seized on September 23, 2014 from a safe deposit box at SunTrust Bank on Warwick Boulevard in Newport News, Virginia (Nader Abdallah).

73. Real property and improvements located at 102 Joy Court in Yorktown, Virginia (Nader and Sharif Abdallah).

74. Real property and improvements located at 511 East Main Street in Rochester, New York (Nader Abdallah).

75. Real property and improvements located at 13772 Warwick Boulevard in Newport News, Virginia (Nader Abdallah).

76. All Bank of America accounts in the name of Nader Abdallah or Sharif Abdallah, including but not limited to accounts ending in 2913, 8332, and 8345.

77. All Bayport Credit Union accounts in the name of Nader Abdallah or Sharif Abdallah, including but not limited to accounts 321566-0000, 321566-0010, 321967-0000, and 321967-0010.

78. All ESL Federal Credit Union accounts in the name of Nader Abdallah or Sharif Abdallah, including but not limited to accounts ending in 1916 and 0423.

79. All Suntrust Bank accounts in the name of Nader Abdallah or Sharif Abdallah, including but not limited to the account ending in 3372.

80. All Towne Bank accounts in the name of Nader Abdallah or Sharif Abdallah, including but not limited to accounts ending in 4055 and 9759.

81. All Wells Fargo accounts in the name of Nader Abdallah or Sharif Abdallah, including but not limited to accounts ending in 9156 and 4628.

82. Mortgage Note for 164 Southern Drive, Rochester, New York, 14623, as set out in the Assignment of Mortgage recorded with the Supreme Court of Monroe County, New York Clerk's Office on September 11, 2014 in Book 1750, page 338, Control Number 201409110296 (Nader Abdallah).

83. $10,208 in United States currency seized from an address on Warwick Boulevard

48

in Newport News, Virginia on April 20, 2015 (Nader Abdallah).

84. A Smith & Wesson .32 revolver seized from an address on Warwick Boulevard in Newport News, Virginia on April 20, 2015 (Nader Abdallah).

85. $5,163 in United States currency seized from an address on Main Street in Rochester, New York on April 20, 2015 (Nader and Sharif Abdallah).

(In accordance with Title 18, United States Code, Section 545; Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461; Title 18, United States Code, Section 982(a)(1); Title 18, United States Code, Section 982(a)(2)(B); and Title 21, United States Code, Section 853.)

49

UNITED STATES v. CHARLES BURTON RITCHIE, ET AL.
CRIMINAL NO. 4:15CR18

A TRUE BILL

Redacted
_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By:
_____
Eric M. Hurt
Assistant United States Attorney
Virginia State Bar #35765
Attorney for the United States
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Telephone: (757) 591-4000
Facsimile: (757) 591-0866
Email: eric.hurt@usdoj.gov

_____
Amy Cross-Rochefort
Special Assistant United States Attorney
Virginia State Bar #45289
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Telephone: (757) 591-4000
Facsimile: (757) 591-0866
Email: amy.cross@usdoj.gov

_____
Kevin Hudson
Assistant United States Attorney
Virginia State Bar #81420
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov

50